# United States Tax Court

T.C. Summary Opinion 2025-1

ROGER M. FREDENBERG AND KIMBERLY D. FREDENBERG,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 5582-20S.                      Filed January 16, 2025.

————————

Roger M. Fredenberg and Kimberly D. Fredenberg, pro se.

*Irina V. Shulyak*, *Alexander S. McCormick*, *Alexander R. Roche*, and *Mayer Y. Silber*, for respondent.

## SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a Notice of Deficiency dated January 8, 2020 (Notice), respondent determined deficiencies in petitioners' 2017 and 2018 (years in issue) federal income tax and further determined that petitioners are liable for a section 6662(a) accuracy-related penalty for each of those years.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

Although numerous adjustments for each year are made in the Notice, concessions[2] by the parties have narrowed the disputed issues to two. We need consider petitioners' entitlement to deductions only for (1) a real estate rental activity for each year in issue and (2) unreimbursed employee business expenses for 2017.

We should also note from the outset that during his trial testimony, Roger M. Fredenberg (petitioner) acknowledged that petitioners' original 2017 and 2018 federal income tax returns (returns), each prepared by a paid income tax return preparer, contained many errors as reflected in the adjustments made in the Notice. According to petitioner, the return preparer "didn't know what she was doing." That being so, during respondent's examination of the returns, petitioners submitted an amended return for each year, but the amended returns were not processed. Given the manner in which trial proceeded and the way the evidence admitted at trial is organized, our consideration of the above-referenced issues takes into account the deductions claimed on the amended returns, not on the returns.

*Background*

Petitioners are married. They lived in Indiana when the Petition was filed. Petitioner is an electrician. Documents in the record identify petitioner Kimberly D. Fredenberg, who did not appear at trial, as a "student," a "housewife," and a sole proprietor.

Deductions petitioners now claim related to their real estate rental activity appear on Schedule E, Supplemental Income and Loss, included with the amended return for each year in issue; deductions for unreimbursed employee business expenses now claimed by petitioners appear on Schedule A, Itemized Deductions, included with their 2017 amended return.

For clarity and convenience, and consistent with petitioners' election to conduct this case as a small tax case, *see* § 7463(a), we combine factual findings, discussions, and conclusions in separate paragraphs on an issue-by-issue, deduction-by-deduction basis. Keeping in mind that the determinations made in the Notice are presumed correct, and petitioners bear the burden of proving that those

---

[2] Some of the concessions were made expressly on the record. Others result from information shown on amended federal income tax returns submitted to respondent during the examination of petitioners' 2017 and 2018 federal income tax returns.

determinations are erroneous, *see* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933),[3] we start with petitioners' entitlement to deductions related to their real estate rental activity.

*Discussion*

I.    *Real Estate Rental Activity*

Petitioners own what appears to be a single-family house that was at some point converted into two separate apartments, each containing one bedroom.  Petitioners never used the property as their residence.  The property was originally acquired as a rental property and was held for rent, and rented out, for numerous years before and after the years in issue.

During each year in issue, both apartments were rented to a carpenter/roofer tenant unrelated to petitioners.  The tenant performed various repairs and renovations in return for reduced rent, and each year the reduced rent was less than the deductions claimed, resulting in substantial losses for both years.

According to respondent, petitioners' arrangement with the tenant allows for deductions only as permitted by section 183 because petitioners did not rent out the property with the intent to make a profit. We disagree.  Considering reasonable expectations that the property would appreciate after being repaired and/or renovated, we find that for both years petitioners had the requisite profit motive for otherwise allowable and substantiated deductions even if the total of the deductions exceeds the rental income from the property, subject of course to the limitations on losses from rental activities in section 469. That is not to say, however, that petitioners are entitled to the deductions and resulting losses shown on the Schedules E, and we look at each deduction separately in the following paragraphs.

A.    *Auto and Travel Expenses*

To support the deduction claimed for each year petitioners presented travel logs prepared by petitioner.  Entries on the logs indicate that petitioner traveled 35 miles each way between petitioners' residence and the rental property several days just about every week

---

[3] Petitioners do not claim, and the record does not otherwise demonstrate, that the provisions of section 7491(a) need be applied here, and we proceed as though they do not.

during each year. At trial respondent's counsel pointed out that the rental property was less than 11 miles from petitioners' residence, a point not disputed by petitioners. Petitioner explained that the 35 miles shown on the logs for each day included mileage driven to pick up supplies and/or building materials for the repairs and/or renovations to the property. According to petitioners and the mileage logs, this happened every time petitioner traveled between his residence and the rental property. We find that to be highly unlikely and unsupported by the few receipts from hardware stores where petitioner claims the materials and supplies for the repairs/renovations were purchased.

Because the mileage logs are unreliable, they will not be considered appropriate substantiation for the deductions. Because the deductions for auto and travel expenses are not supported by credible mileage logs, the deductions are not allowed. *See* § 274(d); Temp. Treas. Reg. § 1.274-5T.

### B.    *Depreciation Expenses*

The Schedules E each include deductions for depreciation on the rental property, but petitioners have not established the basis in that property. At trial petitioner admitted that he had no idea how the amounts of the depreciation deductions shown on the Schedules E were computed. That being so, petitioners are not entitled to a depreciation deduction for either year in issue.

### C.    *Phone Expenses*

The amounts shown on the Schedules E for phone expenses have not been completely substantiated. To the extent that a lesser amount is substantiated, the deduction for 2017 appears to be duplicated as an unreimbursed employee business expense on the Schedule A, and petitioners have failed to explain why any portion of the expenses should be attributed or allocated to their real estate rental activity for either year. That being so, petitioners are not entitled to the deductions for the phone expenses shown on the Schedules E.

Otherwise, we find that petitioners are entitled to the deductions not discussed above as claimed on the Schedules E, and we turn our attention to petitioners' claim for deductions for unreimbursed employee business expenses shown on the Schedule A.

II.  *Unreimbursed Employee Business Expenses*

At all times relevant, petitioner belonged to the International Brotherhood of Electrical Workers Union (IBEW).  Through an IBEW website petitioner noted his availability for employment opportunities available to members of IBEW local union 531.  As a result, during 2017 he was employed by various contractors/employers at various locations covered by his local union and other local unions in the vicinity.  The deductions for unreimbursed employee business expenses here in dispute relate to that employment.

A.  *Vehicle Expenses*

Petitioner used his personally owned vehicle or vehicles to travel to the various worksites.  We have no doubt that he incurred routine travel expenses to do so and that those expenses were neither reimbursable nor reimbursed by his employer.

The amount of the deduction for vehicle expenses shown on Form 2106–EZ, Unreimbursed Employee Business Expenses, included with petitioners' 2017 amended return greatly exceeds what might otherwise be an allowable amount simply because of a mathematical calculation error.  Equally bad, the amount of the deduction is not supported by the number and distances of numerous trips shown on the mileage log that petitioners rely upon in support of the deduction.  In any event, given the liberties petitioner took in the preparation of the mileage log petitioners offered in support of their deductions claimed on the Schedules E, we are reluctant to accept the mileage log petitioners submitted in support of the deduction for the vehicle expense deduction claimed on the Schedule A.  *Falsus in uno, falsus in omnibus.*  Because the deduction for vehicle expenses is not supported by a creditable mileage log, petitioners are not entitled to that deduction.  *See* § 274(d); Temp. Treas. Reg. § 1.274-5T.

B.  *Phone Expenses*

A careful review of the evidence petitioners submitted in support of the deduction for phone expenses allows for a deduction of $449.

C.  *Tools and Uniforms*

Although the deductions claimed for tools expenses and uniform expenses have not been completely substantiated by the evidence in the record, we find that the amount claimed for the deductions as shown on

the 2017 amended return is a reasonable estimate of the underlying expenses. *See Cohan v. Commissioner*, 39 F.2d 540 (2d Cir. 1930). Petitioners are entitled to the deductions for these expenses claimed on the Schedule A, subject to the limitations provided in section 67(a).

Unless conceded by respondent, expenses not discussed above are not allowed as part of petitioners' deduction for unreimbursed employee business expenses because petitioners have failed to substantiate that the expenses were paid or incurred.

To reflect the foregoing,

*Decision will be entered under Rule 155.*